NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSEPH PALUMBO,

    Plaintiff,

       v.

THE STATE OF NEW JERSEY,

    Defendant.

Civil Action No. 25-15208 (RK) (TJB)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court on the transfer order of the Honorable Monica Ramirez Almadani, U.S.D.J. of the United States District Court for the Central District of California, after a finding that venue was improper in the Central District of California but proper in this District. (ECF No. 6 (citing 28 U.S.C. § 1406(a)).) Prior to the transfer, Plaintiff Joseph Palumbo ("Plaintiff") filed an application to proceed *in forma pauperis* ("IFP," ECF No. 3), together with a Complaint against the State of New Jersey ("Compl.," ECF No. 1). Those filings are presently before the Court. For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED**, and his Complaint is **DISMISSED WITHOUT PREJUDICE**.

I.    **BACKGROUND**

    The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

    As best the Court can discern from his meandering, handwritten Complaint, Plaintiff alleges that in May of 1991 he witnessed a Brick Township police officer shoot and kill a five-

year-old boy for no apparent reason, (Compl. at 7)[1]—and that "the entire State of New Jersey" has engaged in "a massive cover-up" in the decades since, (*id.* at 8–9). Plaintiff alleges, *inter alia*, that he initially saw a man in a yellow car drive over a five-year-old boy on the highway, (*id.* at 4–5), and that the man said he was a police officer, then placed the boy's body in Plaintiff's trunk, (*see id.* at 5). He says the driver of the yellow car "told [Plaintiff] to go to the police station . . . a few blocks down the highway," where "a man who was dressed in what appeared to [be] . . . a dark blue uniform" took the body from Plaintiff's trunk and told Plaintiff he could leave. (*Id.*) Later the same day, Plaintiff alleges that he was pulled over by Brick police officers and instructed to open his trunk, and the still-alive boy jumped out. (*Id.* at 6.) One of the Brick officers, who happened to be Plaintiff's cousin, then allegedly shot and killed the boy. (*Id.* at 6–7.) Two days later, Plaintiff says he found the boy's body in a trash bag outside his home. (*Id.* at 7–8.) Brick police officers and the county coroner responded to the scene, took the boy's body, and left without a word. (*Id.* at 8.)

Plaintiff says that "for 30 years after this event [he] inquired to Law Enforcement and the Press about the event[,] essentially [asking] 'who was the child and what happened,'" but "all of the authorities . . . denied that such a thing ever happened." (*Id.*) Plaintiff further alleges that he "ha[s] been accused of every crime in the book by Bricktown Police but not arrested or convicted of anything," (*id.* at 8–9), and that "[t]he Ocean County Prosecutor sent [him] to a Psychiatric facility where [he] was falsely accused of being Paranoid Schizophrenic," (*id.* at 9). Plaintiff asserts one claim of "obstruction of justice" against the State of New Jersey and seeks $10 million in damages. (*Id.*)

---

[1] Because Plaintiff's recitation of the facts in his Complaint—seven pages of "testimony" handwritten on sheets of notebook paper—appears to contain a duplicate page, (Compl. at 3, 4), the Court cites the page numbers in the CM/ECF header.

Along with his Complaint, Plaintiff filed a short-form application to proceed *in forma pauperis*. (*See* IFP.) Plaintiff states he is not currently employed, has no source of income and no savings, lives in a homeless shelter in Los Angeles, California, and has no monthly expenses. (*Id.* at 1–2.) He further declares that he currently has no assets—that he once "owned a house," but "it was illegally confiscated." (*Id.* at 2.)

## II.   <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (emphasis omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), Section 1915(e) empowers district courts to dismiss an *in forma pauperis* complaint that "is frivolous or malicious" or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e).

The Court thus engages in "a two-step analysis" when considering a complaint filed with an *in forma pauperis* application: (1) under Section 1915(a), the Court determines whether the plaintiff is eligible to proceed without prepaying the civil filing fee, and (2) under Section 1915(e), the Court determines "whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). Courts may address these two questions "in either order or even simultaneously." *Karupaiyan v. Wipro Ltd.*, No. 23-2424, 2025 WL 89076,

3

at *3 n.9 (3d Cir. Jan. 14, 2025) (quoting *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc)).

### III.    DISCUSSION

#### A.    *In Forma Pauperis* Application

In order to proceed *in forma pauperis*, Section 1915(a) requires plaintiffs to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). A plaintiff's IFP application must "include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023). To facilitate *pro se* plaintiffs in satisfying this statutory obligation, the federal judiciary provides a "Long Form" IFP application, which is available at https://www.njd.uscourts.gov/sites/njd/files/forms/AO-239.pdf.

Plaintiff did not utilize the Long Form IFP application. Instead, he provided the Court with only a "Short Form" IFP application. (IFP at 1.) This renders his IFP application deficient. *See DiPietro v. New Jersey*, No. 19-17014, 2019 WL 4926865, at *1 (D.N.J. Oct. 7, 2019); *accord Swiggett v. SPO Brandon Esbenshade*, No. 19-2318, 2020 WL 5909373, at *1 (D. Del. Oct. 6, 2020). Equally problematic are Plaintiff's perfunctory responses to each question in the Short Form application.[2] (*See* IFP.) True, Plaintiff's homelessness sheds light on some of his answers, such as his representation that he has no expenses whatsoever, (*id.* at 1–2), but Plaintiff still "must state

---

[2] For example, after representing that he is not currently employed, Plaintiff did not answer the requisite follow-up question 1(b) instructing, "If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received." (IFP at 1.)

the facts concerning his . . . poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)), *aff'd on other grounds*, 586 F. App'x 899 (3d Cir. 2014). Because Plaintiff did not submit the proper form and otherwise did not make a good faith effort to fill out the IFP application, Plaintiff's application is **DENIED WITHOUT PREJUDICE**.

### B.  Review of Complaint

Although a court is not required to conduct a screening of a complaint after denying an *in forma pauperis* application, the Third Circuit has endorsed a "flexible approach" that allows a court to dismiss a case "at any time . . . regardless of the status of a filing fee." *Brown*, 941 F.3d at 660. The Court proceeds to screen Plaintiff's Complaint here in an effort to "conserve judicial resources" later. *See id.*

Under 28 U.S.C. § 1915(e), the Court has a statutory obligation to dismiss any claims that are "(i) frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That is, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although courts hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers,"

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* plaintiff's complaint "must still comply with the pleading requirements of Rule 8," *Prelle v. United States*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)); *see also Untracht v. Fikri*, 368 F. Supp. 2d 409, 413 (W.D. Pa. 2005) ("[B]asic pleading requirements under the Federal Rules of Civil Procedure apply to self-represented and counseled plaintiffs alike.").

Plaintiff's Complaint must be dismissed for failing to comply with Federal Rule of Civil Procedure 8. Plaintiff purports to set forth "testimony" about alleged events "from May 1991 to May 2019." (Compl. at 1.) He narrates criminal conduct allegedly committed by New Jersey police officers in 1991 and state officials' alleged inaction in the time since. But "a complaint that 'meander[s] back and forth across overlapping, yet distinct sets of named defendants' and [is] drafted in a hyper-detailed manner that makes 'it arduous to sift through [the] complaint and stitch together the relevant allegations in relation' to each count runs afoul Rule 8." *Blount v. TD Bank, N.A.*, No. 20-18805, 2022 WL 4354640, at *2 (D.N.J. Sept. 20, 2022) (alterations in original) (quoting *Williams v. Willingboro Township*, No. 20-1114, 2020 WL 3481773, at *2 (D.N.J. June 26, 2020)). Indeed, "it is not clear from the Complaint . . . how [Plaintiff] was harmed in a manner that gives rise to an actionable claim." *Shaw v. Fernandes*, No. 18-228, 2018 WL 547234, at *2 (E.D. Pa. Jan. 24, 2018). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *see also Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) ("[T]he 'plain' statement requirement [under Rule 8] . . . prompts us to ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these

defendants' in regard to the plaintiff's claims."). Plaintiff's Complaint falls far short of Rule 8's requirements.

Likewise, Plaintiff's sole claim of "obstruction of justice" must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Although Plaintiff does not cite any authority for the claim, state and federal criminal law prohibit obstruction of justice. *See* 18 U.S.C. §§ 1501–1521 (obstruction of justice); N.J. Stat. Ann. § 2C:29-1 (obstruction of administration of law or other governmental function). However, Plaintiff does not have authority to enforce these laws. Criminal statutes are generally enforced solely by the government and thus provide no private cause of action, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994), and the criminal statutes prohibiting obstruction of justice create no exception to that general rule, *see, e.g.*, *Lee v. Emps. of Union Twp. Mun. Ct.*, No. 17-4229, 2018 WL 1535266, at *3 (D.N.J. Mar. 28, 2018) ("A private party may not maintain suit under most provisions of Title 18."); *Gurvey v. Township of Montclair*, No. 19-17525, 2022 WL 970303, at *18 (D.N.J. Mar. 31, 2022) (dismissing "purported cause[] of action for 'Obstruction of Justice'" because N.J. Stat. Ann. § 2C:29-1 "do[es] not provide a private right of action"); *see also Coleman v. N.J. Transit Headquarters*, 846 F. App'x 167, 168 (3d Cir. 2021) (affirming screening dismissal of claims brought under related New Jersey criminal statutes because such criminal statutes "do not create a private right of action"). Plaintiff's "obstruction of justice" claim is therefore dismissed.[3]

**THEREFORE**, it is on this 23rd day of December, 2025, **ORDERED** that:

I.     Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is **DENIED WITHOUT PREJUDICE**;

II.    Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

---

[3] Given the Complaint's significant deficiencies, the Court need not wade into the myriad other seeming issues, such as sovereign immunity and the datedness of the events alleged.

III.  The Clerk's Office is directed to **OPEN** this case for purposes of ruling on Plaintiff's IFP application, then **CLOSE** the case;

IV.  Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by filing an amended complaint and either pre-paying the $402 filing fee ($350 filing fee plus $52 administrative fee) or submitting a renewed application to proceed *in forma pauperis*;

V.  Upon receipt of an amended complaint and a proper and completed *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e);

VI.  The Summons shall not issue prior to the Court conducting a screening of the amended complaint pursuant to 28 U.S.C. § 1915(e);

VII.  The Clerk shall serve on Plaintiff by regular U.S. mail: (1) this Memorandum Order; and (2) a blank long-form application to proceed *in forma pauperis*.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE